**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TAYLOR WHITE, on behalf of himself and on behalf of others similarly situated** | § § § | |
| **Plaintiffs,** | § § | |
| VS. | § § | Case No. 4:13cv13 (Judge Clark/Judge Bush) |
| **DENTON COUNTY** | § § | |
| **Defendant.** | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Don Bush, United States Magistrate Judge, for pretrial proceedings. Defendant has filed a Motion for Summary Judgment in this suit under the Fair Labor Standards Act ("FLSA"). (Dkt. # 57). Defendant argues that Plaintiff's FLSA overtime pay claims, as well as his corresponding claim for declaratory relief, fail as a matter of law because the competent summary judgment evidence makes it clear that Plaintiff agreed to be compensated with compensatory time for overtime worked. Defendant also argues that Plaintiff's FLSA retaliation claim fails because Plaintiff cannot establish a *prima facie* case of retaliation and that, even if he could establish a *prima facie* case of retaliation, Defendant has offered a legitimate nonretaliatory reason for terminating him and Plaintiff cannot show that this reason is pretextual. In his response, Plaintiff argues that there are fact issues as to his FLSA overtime and retaliation claims. (Dkts. ## 71 & 73).

On August 26, 2015, the Magistrate Judge entered a Report and Recommendation containing

proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment (Dkt. # 57) be GRANTED, that Plaintiff take nothing by his remaining claims, and that Defendant be awarded its costs herein. On September 9, 2015, Plaintiff filed his Objections to the Report and Recommendation (Dkt. # 98), and on September 16, 2015, Defendant filed its Response to Plaintiff's Objections. (Dkt. # 100).

A party that files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C) (Supp. IV 2011); Fed. R. Civ. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). Having conducted a *de novo* review of the objections raised by Plaintiff, the court finds that they are without merit and that the Magistrate Judge's findings and conclusions are correct.

**FLSA Overtime Pay Claims**

The court first addresses the Magistrate Judge's recommendation that summary judgment should be granted for Defendant as to Plaintiff's FLSA overtime pay claims under counts 2, 3 and 4 regarding forced compensatory time in lieu of overtime pay for hours exceeding 86.

Plaintiff claims that he was not properly or timely paid cash at time-and-a-half his regular rate of pay for hours worked in excess of 86 hours. Plaintiff further seeks declaratory relief that, for any 14-day work period in which he worked in excess of 86 hours, he was not timely and properly paid cash for overtime hours worked in excess of 86 hours.

In lieu of compensatory pay, public employees, like Plaintiff, may receive, compensatory

2

time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required as long as there is an agreement or understanding arrived at between the employer and employee before the performance of the work. *See* 29 U.S.C. § 207(o). "Such an agreement or understanding need not be formally reached and memorialized in writing, but instead can be arrived at informally, such as when an employee works overtime knowing that the employer rewards overtime with compensatory time." *Christensen v. Harris Cty.*, 529 U.S. 576, 579 n.1, 120 S. Ct. 1655 (2000).

It is uncontested that the Denton County Handbook clearly states that employees may be compensated for overtime with compensatory time on a time and a half basis. *(*Dkt. # 57-6). In January 2007 Plaintiff signed an acknowledgment form that stated he would read and follow the Handbook during his employment. (Dkt. # 57-6 at 5); *see also* Denton County Sheriff's Officer Personnel Manual Notification Form (Dkt. # 57-4). He continued in that employment, accepting all pay and benefits, including compensatory time, until he was terminated in April 2013 for abusing a prisoner. He can not now be heard to complain of a legal condition of employment, which he accepted explicitly through his acknowledgment and implicitly by continuing his employment. *See Rousseau v. Teledyne Movible Offshore, Inc.*, 805 F.2d 1245, 1248 (5th Cir. 1986), *reh'g denied*, 812 F.2d 971 (5th Cir.), *cert. denied*, 484 U.S. 827 (1987). Plaintiff claims that in 2012 he complained about comp time in lieu of overtime pay (but there is no evidence that he refused to accept any comp time while his complaint was being considered). The mere fact that an employee disagrees with, or challenges, a condition of employment that he has accepted does not make the condition a violation of the FSLA. *See, e.g.*, *Brock v. El Paso Nat. Gas Co.*, 826 F.2d 369, 374 (5th Cir. 1987). An employee can not merely "grumble about the compensation scheme and then later spring a surprise attack on an employer who has tried to comply with options that the FLSA

3

provides." *Monahan v. Cty. of Chesterfield, Virginia*, 95 F.3d 1263, 1279 (4th Cir. 1996) (citation omitted).

Alternatively, as the Magistrate Judge pointed out in his comprehensive Report and Recommendation, there was no evidence in the record to demonstrate that Plaintiff expressed any unwillingness to accept the compensatory time in lieu of pay until August 2012 at the earliest. Plaintiff simply failed to demonstrate a fact issue as to his alleged lack of agreement to receive compensatory overtime in lieu of overtime pay, from the time he was hired until August 2012 at the earliest. In his objections, Plaintiff argues that his affidavit contains evidence of his complaints about the manner in which he was being paid and argues, as he did in his summary judgment response, that there is a fact issue with respect to compensatory time after August 2012. This objection is not inconsistent with the Magistrate Judge's findings and is therefore overruled.

Critically, Plaintiff's objections are silent as to the Magistrate Judge's findings that Plaintiff did not raise a genuine issue of material fact regarding the amount of uncompensated overtime pay he seeks. Because these findings are sufficient on their own to dispose of all of Plaintiff's FLSA overtime pay claims and because Plaintiff has not stated any objection to those findings, the court therefore adopts the Magistrate Judge's findings that there is no genuine issue of material fact regarding Plaintiff's FLSA overtime pay claims under counts 2, 3 and 4 regarding forced compensatory time in lieu of overtime pay for hours exceeding 86. An employee bringing an action for unpaid overtime compensation must show the amount of overtime compensation due. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Plaintiff has not done so.

**FLSA Retaliation Claim**

Plaintiff also objects to the Magistrate Judge's recommendation that he should take nothing

4

by his FLSA retaliation claim. To make a *prima facie* showing of FLSA retaliation, Plaintiff must show: (1) his participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). If Plaintiff meets this burden, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its decision, and the burden then shifts back to Plaintiff to demonstrate that the proffered reason is a pretext for discrimination. *Id.*

For purposes of summary judgment analysis the court will presume that Plaintiff has established a *prima facie* case of retaliation. Defendant has presented a legitimate non-retaliatory reason for terminating Plaintiff, namely that he had, without cause, physically abused a prisoner. The court agrees with the Magistrate Judge's conclusion that Plaintiff did not demonstrate a fact issue regarding pretext and but-for causation.

In his objections, Plaintiff argues that the Magistrate Judge improperly weighed the evidence in finding that disciplinary incidents involving other employees were not "nearly identical conduct." Plaintiff has also objected to the Magistrate Judge's findings that Plaintiff had not adduced sufficient evidence to show that the specific internal policy or procedure that was violated in the course of his termination was also violated by other employees who did not suffer an adverse employment action. Defendant responds that the Magistrate Judge exhaustively evaluated the summary judgment record to determine if there was a fact issue regarding pretext. The court agrees with Defendant.

Plaintiff's reliance on prior acts of employees, committed during the term of a previous Sheriff, that were not punished by the previous Sheriff, is misplaced. "Nearly identical circumstances" is a description of the test used when Plaintiff offers a co-employee as a comparator. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 269 (5th Cir. 2009). A comparator in the present case would be an employee who had employment status determined by the same person. *Id.* This rule

5

is especially applicable here, where Sheriff Travis, who fired Plaintiff, was elected by the voters. On an issue for which the Sheriff is the final decision maker, it should not matter whether he makes a discretionary decision in his first week in office, or after four months; the decisions of the previous office holder are not comparable decisions in this context. Assume for example that a prior Sheriff in some county took no action against brutish officers who violated the civil rights of minority citizens. When a new, law abiding Sheriff is elected, the deputies are not entitled to a "one free violation of the law" policy or a graduated discipline policy when they commit a similar violation. *See, e.g.*, *Arceneaux v. Metro. Life Ins. Co.*, 481 F. App'x 196, 197, 199 (5th Cir. 2012). The Magistrate Judge correctly found that the evidence relied upon by Plaintiff fails to demonstrate a genuine issue for trial as to pretext. Those objections are overruled.

Even assuming Plaintiff had offered sufficient evidence to create a fact issue as to pretext, the court notes that Plaintiff's objections are silent regarding the Magistrate Judge's ultimate finding that Plaintiff has not offered any evidence to show that but-for this lawsuit he would not have been terminated from the County's employment. The court notes that Plaintiff has objected to the Magistrate Judge's findings regarding the lack of evidence about Sheriff Travis's knowledge of Plaintiff's FLSA suit, but he does not cite to any evidence to show that Travis's knowledge of his suit was the but-for cause of the adverse employment action.

As to Plaintiff's argument in his objections that the timing of his termination establishes a causal connection and pretext, the court notes that the Magistrate Judge found that the temporal proximity between the filing of his suit and Plaintiff's termination was sufficient to establish a *prima facie* case, but that Plaintiff had not demonstrated a genuine issue of material fact to show that his lawsuit was the but-for cause of his termination. "[T]emporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

In FLSA retaliation cases, "the employee must prove that the adverse employment action would not have occurred 'but for' plaintiff's protected activity." *Kanida v. Gulf Coast Med. Personnel LP,* 363 F.3d 568, 580 (5th Cir. 2004). The Magistrate Judge correctly found that Plaintiff has failed to offer any evidence to show that but for this lawsuit he would not have been terminated from the County's employment. Plaintiff's objections to the Magistrate Judge's recommendation that he take nothing by his retaliation claim are thus overruled.

Finding that Plaintiff's objections are without merit, the court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. # 95) as the findings and conclusions of the court.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Dkt. # 57) is GRANTED. Plaintiff shall take nothing by his remaining claims, and Defendant shall be awarded its costs herein.

So **ORDERED** and **SIGNED** this **28** day of **September, 2015.**

_____
Ron Clark, United States District Judge